IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 4, 2016


**IN RE ETHAN R.**


**Appeal from the Circuit Court for Shelby County**
**No. CT-003467-13     Jerry Stokes, Judge**

_____


**No. W2015-01208-COA-R3-CV – Filed March 10, 2017**
_____


A mother, who was designated the primary residential parent of the parties' son when she and the father divorced, filed a dependent and neglect petition in juvenile court in Tennessee when the child was hospitalized in Arkansas after ingesting some of the father's methadone tablets. In the course of the juvenile court proceeding Father filed a petition opposing Mother's relocation to Kentucky and seeking a change in custody. The juvenile court dismissed both petitions, and Father appealed. The circuit court held a trial *de novo* and denied Father's petition. Mother appeals, contending that because she did not appeal the juvenile court's dismissal of the dependent and neglect proceeding, the circuit court did not have subject matter jurisdiction to consider the matter further and, alternatively, that the case should have been transferred to Kentucky. Finding no error in the disposition of the case, we affirm the judgment in all respects.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. Michael Swiney, C.J., and ARNOLD B. GOLDIN, J., joined.

Stephen W. Pate, Murfreesboro, Tennessee, for the appellant, Shiau-Jiuan Wang.

W. Ray Glasgow, Memphis, Tennessee, for the appellee, Michael Eugene Rowland.


**OPINION**


This appeal arises out of a dependent and neglect proceeding initiated on December 27, 2011, by Shiau-Jiuan Wang, ("Mother"), the mother of Ethan R., in Shelby County Juvenile Court. Mother and Michael Rowland ("Father"), Ethan's father, were divorced in 2005 in Shelby County Circuit Court.

The petition alleged that on December 23, 2011, Mother, who lived in Shelby County at the time, had been contacted by emergency room personnel at the Helena, Arkansas, Regional Medical Center and told that Ethan had been treated at the hospital for repeated vomiting and stomach pain caused by ingesting 8-15 methadone pills while he was in the custody of Father, and that Ethan would not be released to Father. The petition further alleged that Mother drove to Arkansas and brought Ethan to Shelby County, and that Father called her on December 26 advising that he was coming to pick Ethan up to exercise his scheduled parenting time. Mother prayed that Ethan be brought within the protective custody of the court pending an investigation and adjudication of Ethan's custody, that Father be required to submit to various drug screens, and that his parenting time be supervised. The temporary order was denied, and a hearing was held on the petition before a magistrate on February 3, 2012. On that day, the magistrate issued Findings and Recommendations that the petition be sustained; that Ethan be declared dependent and neglected as a result of having ingested methadone pills; that custody be awarded to Mother; and that Father be enjoined from having any contact with Ethan.[1] The Recommendations were adopted, ratified, and made the order of the court by the Juvenile Court Judge.

Counsel was appointed for Father and on April 2, 2012, he filed a motion to set aside the February 3 order and to appoint a guardian *ad litem* for Ethan; on April 11 Father filed his Answer to Mother's petition. The magistrate held a hearing and on April 16 entered Findings and Recommendations granting Father's motion to set aside the February 3 order, setting the trial for July 26, appointing a guardian *ad litem* for Ethan, and granting Father supervised visitation; the Juvenile Court Judge ratified and adopted the Recommendations.

On June 13 Father filed a Motion for Injunctive Relief asserting, *inter alia*, that Mother had advised him of her intent to relocate to Kentucky with Ethan, and seeking an order enjoining her from relocating with Ethan. On June 18 the Magistrate heard the motion and entered Findings and Recommendations, which were subsequently ratified and adopted by the Juvenile Court Judge in an order denying Father's motion. Father then filed a petition opposing Mother's relocation and seeking a change of custody.

After proceedings relating to several motions not germane to the issues in this appeal, the Magistrate held a hearing on June 30, 2013, on Mother's petition to have Ethan declared dependent and neglected and Father's petition for custody. The Magistrate entered Findings and Recommendations on July 30, *inter alia*, dismissing both petitions; the Recommendations were ratified by the Juvenile Court Judge. Father appealed to the Circuit Court and, upon his motion, the case was assigned to Division VI, the court which heard the parties' divorce action.

---

[1] Father is not listed in the report as having been present at the hearing in person or by counsel.

On January 23, 2015, Mother filed a motion to dismiss Father's appeal and for further relief asserting, *inter alia*, that the circuit court did not have subject matter jurisdiction.[2] Father responded and the court held a hearing on April 10 on both motions; the court heard argument on Mother's jurisdictional motion first and, after orally overruling the same, proceeded to hold an evidentiary hearing on the dependency and neglect petition, as well as Father's opposition to Mother's relocation and for a change of custody. On May 29 the court entered an order denying Mother's motion; the court also entered what was styled a "Final Order" on the appeal from Juvenile Court in which the court, *inter alia*: held that there was not sufficient evidence that Ethan was dependent and neglected; held that Mother had a reasonable purpose in relocating to Kentucky and that the relocation was not vindictive; denied Father's petition after holding that there were no bases to change custody of Ethan from Mother to Father; and set a new parenting schedule.

Mother appeals, presenting two issues: (1) whether the trial court erred in failing to dismiss the case for lack of jurisdiction and, (2) if not, whether the trial court erred in failing to transfer this case to the State of Kentucky based upon improper venue.

## DISCUSSION

### I. SUBJECT MATTER JURISDICTION

Courts derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative acts. *Meighan v. U.S. Sprint Communications Co*., 924 S.W.2d 632, 639 (Tenn. 1996); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Suntrust Bank v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000). They cannot exercise subject matter jurisdiction unless it has been conferred on them explicitly or by necessary implication. *Dishmon v. Shelby State Community College*, 15 S.W.3d 477, 480 (Tenn.

---

[2] In pertinent part, Mother's motion stated:

33. In the instant case, an "interrupting event" did occur when Juvenile Court dismissed Mother's petition for dependency and neglect at a June 20, 2013 hearing followed by July 30, 2013 Order dismissing (1) Mother's December 27, 2011 petition for dependency and neglect, (2) Mother's pro se motion for change of venue, (3) Father's motion for contempt and (4) Father's intervening petition for custody. Juvenile Court thereby lost its original exclusive dependency and neglect jurisdiction such that the within appeal for a de novo hearing before this Court must be dismissed.

34. It is submitted that, as a result of the above intervening event dismissing Mother's original dependency and neglect petition as well as Mother's pro se motion for change of venue, Father's motion for contempt and Father's intervening petition for custody, dependency and neglect jurisdiction of Juvenile Court was terminated pursuant to the provisions of TCA § 37-1-103 (c) and the In re D.Y.H. case.

Ct. App. 1999). The presence or absence of subject matter jurisdiction is a question of law; accordingly, we review that question on appeal *de novo* without a presumption of correctness. *Northland Insurance Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

As a dependent and neglect proceeding, subject matter jurisdiction of this case was obtained and retained in Juvenile Court pursuant to Tennessee Code Annotated section 37-1-103, which states in pertinent part:

> (a) The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by this part:
> (1) Proceedings in which a child is alleged to be delinquent, unruly or dependent and neglected, or to have committed a juvenile traffic offense as defined in § 37-1-146;
> * * *
> (c) Except as provided in subsection (d), when jurisdiction has been acquired under this part, such jurisdiction shall continue until the case has been dismissed, or until the custody determination is transferred to another juvenile, circuit, chancery or general sessions court exercising domestic relations jurisdiction, or until a petition for adoption is filed regarding the child in question as set out in § 36-1-116(f). . . .

Tenn. Code Ann. § 37-1-103(a), (c). In accordance with Tennessee Code Annotated section 37-1-159,[3] an appeal of the Juvenile Court decision is taken to the Circuit Court for a trial *de novo*.

Mother argues that, since she did not appeal the dismissal of the dependent and neglect petition she filed, the Circuit Court had no subject matter jurisdiction to adjudicate Father's appeal of the dismissal of his petition opposing her relocation and seeking a change of custody. We respectfully disagree.

In *In re D.Y.H.*, 226 S.W.3d 327 (Tenn. 2007), a father was awarded custody of his daughter after the juvenile court adjudicated the child dependent and neglected while in the custody of her mother; three years later the mother filed a petition for a change of custody, which was denied. *Id.* at 328. The mother appealed to the circuit court, which held that it lacked jurisdiction because the mother's petition was not a part of the

---

[3] That statute states in pertinent part:

> . . . Any appeal from any final order or judgment in an unruly child proceeding or dependent and neglect proceeding, filed under this chapter, may be made to the circuit court that shall hear the testimony of witnesses and try the case de novo. . . .

Tenn. Code Ann. § 37-1-159(a).

dependent and neglect proceeding and dismissed the appeal; the dismissal was affirmed by this Court. *Id.* at 328-29. On appeal to the Supreme Court, after discussing the nature and duration of the subject matter jurisdiction conferred by Tennessee Code Annotated section 37-1-103, that Court held that the mother's petition was a part of the dependent and neglect proceeding and the juvenile court's denial was properly appealable to the circuit court. The case was reversed and remanded to the circuit court for a *de novo* hearing of the appeal. *Id*. at 332. In so doing the court opined that, under the statute, the juvenile court's exclusive original jurisdiction, which is acquired when the dependent and neglect petition is filed, continues until the case is dismissed, the custody determination transferred to another court, a petition for adoption filed, or the child reaches the age of eighteen. *Id*. at 330.

Mother's argument in the present case disregards the fact that the dismissal of the petition by the Juvenile Court does not terminate that proceeding; the appeal is to the Circuit Court for a trial *de novo* of all matters which were a part of the case before the juvenile court. Here, the matters raised by Father in his motion for injunctive relief, his opposition to Mother's relocation, and his request for change of custody were adjudicated in the Juvenile Court; his appeal was to the Circuit Court, which had subject matter jurisdiction in accordance with the statute. *See In re D.Y.H.*, 226 S.W.3d 327, 331 (Tenn. 2007) (citing *Tennessee Department of Children's Services v. Owens,* 129 S.W.3d 50, 55 (Tenn. 2004) (stating that "any custody decision that is made during a dependency and neglect proceeding is a part of the dependency and neglect proceeding and appealable to circuit court")). There was no final disposition of the dependency and neglect petition until the Circuit Court's ruling.[4]

## II. VENUE IN KENTUCKY

Mother next contends that the case should have been transferred to Kentucky because "once the exclusive jurisdiction of the Juvenile Court was lost at the time of the court's dismissal of the action, the Juvenile Court lost emergency jurisdiction under the UCCJEA, and therefore, all further proceedings must occur in the court with proper jurisdiction." Mother again bases her argument on the premise that the Juvenile Court "lost" jurisdiction of the case when it dismissed the dependent and neglect petition; as we have previously held, the Circuit Court had subject matter jurisdiction to enter the ruling under appeal.

Moreover, it is apparent from the record that the issues raised in Father's opposition to Mother's relocation and motion to modify custody are moot. He has not

---

[4] Mother contends that, in the absence of her appealing the dismissal of the dependent and neglect petition, Father's remedy was "to pursue his request for relief in the original court of jurisdiction, being the Circuit Court." This is precisely what happened in this case, where the court that heard the divorce action heard Father's petition objecting to Mother's relocation and his motion to modify custody, albeit under a different docket number.

appealed the Circuit Court's ruling thereon and Mother has relocated with Ethan to Kentucky. A moot case is one that has lost its justiciability because it no longer involves a present, ongoing controversy. *McCanless v. Klein*, 188 S.W.2d 745, 747 (1945); *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996). A case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party. *Knott v. Stewart County*, 207 S.W.2d 337, 338-39 (Tenn. 1948); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998). Mother has represented in her brief that she initiated a proceeding in Kentucky for enforcement of the orders entered in Tennessee; nothing in the record of the Tennessee proceedings precludes her from addressing any current or future concerns in that court.

## CONCLUSION

For the foregoing reasons, the judgment of the Circuit Court is affirmed.

_____

RICHARD H. DINKINS, JUDGE